UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Katrina Aune, Jeffrey Aiken, Lisa Holbrook, John Miller, and David Sestini are a group of homeless, disabled persons suing Defendants City of Laguna Beach ("the City") and its police department ("LBPD") for claims relating to their homelessness program. Plaintiffs seek to represent a provisional class of homeless, disabled persons living in Laguna Beach. Pending is Plaintiffs' Motion for Preliminary Injunction. (Prelim. Inj. Motion, Dkt. No. 29.) Plaintiffs also bring a Motion for Provisional Class Certification, where they seek to certify a provisional class of homeless, disabled persons living in Laguna Beach for the limited purpose of seeking a preliminary injunction. (Provisional Class Cert. Motion, Dkt. No. 30.)

The Court DENIES Plaintiffs' Motion for Preliminary Injunction. Thus, the Court need not address Plaintiff's Motion for Provisional Class Certification brought for the sole purpose of seeking a preliminary injunction.

In denying Plaintiffs' Preliminary Injunction Motion, the Court is keenly aware of the stakes of this case. On one hand, the plight of the homeless cannot be ignored. A community's moral and ethical values may be best reflected in how it treats its most vulnerable. Providing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

a roof and a warm meal to those in need reflects true human goodness. But the other hand carries an equally heavy burden — whether the judiciary can impose a legal obligation on a city to address problems affecting the homeless. Imposing such an obligation implicates both federalism and separation of powers, the underpinnings of our legal system. Weighing these two countervailing burdens requires more factual development and legal analysis than is present before the Court at this early stage of the case.

## 1. BACKGROUND

First, some background. Plaintiffs are homeless persons living in Laguna Beach who have been diagnosed with mental or physical disabilities, such as bipolar disorder, depression, and schizophrenia. (Aiken Decl. ¶ 3; Sestini Decl. ¶¶ 2, 3.)

Plaintiffs challenge the City's homelessness program. The current program's origins date back to 2008, when the City was sued for alleged violations of due process, the Eighth Amendment, and Title II of the Americans with Disabilities Act ("ADA") relating to the City's treatment of homeless, disabled persons in Laguna Beach. (*See* Johnson Decl., Ex. D ¶ 6 (Complaint in *Siprelle v. City of Laguna Beach*, No. 08-01447 (C.D. Cal. filed Dec. 23, 2008)).) The parties quickly settled. (Johnson Decl. ¶ 7, Ex. E.) As part of the settlement, the City repealed certain municipal ordinances prohibiting camping and sleeping in public places. (*Id.* at 2–3.) The City also agreed to limit its enforcement of California Penal Code Section 647(e) against homeless persons for two years. (*Id.*) Section 647(e) makes it a misdemeanor to "lodge[] in any building, structure, vehicle, or place, whether public or private, without the permission of the owner or person entitled to the possession or in control of it." Cal. Penal Code § 647(e).

After that lawsuit settled, the City created the homelessness program that Plaintiffs challenge here. The program has a few moving parts. Two are especially relevant for this Motion.

First, in October 2008, the City enacted Laguna Beach Municipal Code ("LBMC") Sections 8.30.030 and 18.05.020, which prohibit camping and sleeping in public areas, such as public parks, beaches, or sidewalks (collectively with Section 647(e), the "anti-camping provisions").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

The City also issued a bulletin to LBPD officers stating that "the City can effectively reinstitute its enforcement of [Section] 647(e) . . . when a person claims to be residing on or occupying public property out of necessity." (Johnson Decl. ¶ 10, Ex. H at 1.) LBPD issued 160 misdemeanor citations in 2011 and 225 citations between January 2012 and June 2014 for violation of the anti-camping provisions. (*Id.* ¶¶ 13, 14, Ex. L, M)

Second, in November 2009, the City opened a permanent emergency shelter, also called the "Alternative Sleeping Location" or "ASL." (Johnson Decl., Ex. G.) The ASL can shelter 45 people per night. (*Id.*) The City gives priority to Laguna Beach locals who meet certain residency criteria. (*Id.* ¶ 11, Ex. I.) If someone doesn't meet the residency criteria, they must enter a lottery to get a spot at the ASL for the night. (*See* Aiken Decl. ¶ 6; Sestini Decl. ¶ 5.)

Plaintiffs criticize the City's homelessness program from multiple angles, including that the City doesn't correctly apply the ASL residency criteria, that the ASL environment is intolerable to disabled persons, and that the ASL improperly bans persons whose disabilities make it difficult for them to conform to the rules. (*See, e.g.*, Prelim. Inj. Motion at 12–13.) Setting the specifics aside, Plaintiffs' core argument is that "Defendants have designed a homelessness program that denies disabled individuals a safe, legal alternative to police enforcement by only offering a single emergency shelter with too little capacity and in a form known and intended to be inaccessible to many disabled homeless persons." (*Id.* at 12.)

In the pending Motion, Plaintiffs seek the following preliminary relief.

> The City of Laguna Beach and the Laguna Beach Police Department, and their agents, servants, employees, and those in active concert or participation with them (collectively "Defendants"), are restrained and enjoined pending trial of this action from enforcing or threatening to enforce — either through written citation and/or written or verbal warnings, and/or threats — California Penal Code section 647(e) and Laguna Beach Municipal Code ("LBMC") sections 8.30.030 and 18.05.020 for merely sleeping, resting, or lying down with their belongings, against disabled, homeless individuals in public outdoor places, where their disability and homelessness is either: (1) known to Defendants; or (2) reasonably apparent to Defendants. Defendants are restrained and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

enjoined from enforcing these laws in the manner described in the City of Laguna Beach between the hours of 8:00 p.m. and 7:00 a.m., except at the Alternative Sleeping Location ("ASL") where Defendants are restrained and enjoined from enforcing these laws in a manner described at any time of day.

(Preliminary Injunction Reply at 23.)

## 2. STANDING AND EVIDENTIARY MATTERS

### 2.1 Named Plaintiffs Seeking Relief

Since filing their Motion, some named Plaintiffs — including Katina Aune, Lisa Holbrook, and John Miller — have received housing. (Prelim. Inj. Reply, Dkt. No. 81 at 1 n.1.) Those Plaintiffs no longer seek a preliminary injunction on behalf of a provisional class. (Class Cert. Reply, Dkt. No. 80 at 1 n.1.) That leaves only Plaintiffs David Sestini and Jeffrey Aiken who seek a preliminary injunction. (*Id.*) Both Sestini and Aiken have been cited for sleeping outdoors. (Aiken Decl. ¶ 9, Ex. A (citation for LBMC Sections 8.30.030 and 18.05.020); Sestini Decl. ¶ 8, Ex. A (citation for Penal Code Section 647(e)).) Both Plaintiffs therefore have standing at this time to challenge the City's enforcement of those respective ordinances.

### 2.2 Objections

Both sides cite multiple objections to each others' evidence. Defendants object to Plaintiffs' declarations that Plaintiffs were diagnosed with mental health disabilities as hearsay. (*See* Dkt. No. 48 at 2 (objecting to Aiken's declaration); *id.* at 18 (objecting to Sestini's declaration).) But "[a] district court may . . . consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Thus, Defendants' objections to those declarations are OVERRULED.

Defendants also object to Plaintiffs' declarations that the ASL is a "high stress environment" and that its conditions worsen their mental health as improper expert testimony. (*See* Dkt. No. 48, at 3–4 (objecting to Aiken's declaration); *id.* at 19–20 (objecting to Sestini's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

declaration).) Those objections are granted in part and denied in part. The objections to the declarations that are based on Plaintiffs' personal perceptions of the ASL's conditions are OVERRULED because they are proper lay opinion under Rule 701 of the Federal Rules of Evidence. The objections to the declarations that ASL's conditions worsen Plaintiffs' mental health are GRANTED as improper expert testimony by lay witnesses under Rule 701.

The Court reviewed and analyzed each of Plaintiffs' and Defendants' remaining objections. Those objections are MOOT because the Court did not rely on the evidence under objection. *See Burch v. Regents of Univ. of Cal.* , 433 F. Supp. 2d 1110, 1118, 1122 (E.D. Cal. 2006) (concluding that "the court will [only] proceed with any necessary rulings on defendants' evidentiary objections"). At the hearing on this Order, the parties didn't contest the Court's rulings on their objections.

## 4. LEGAL STANDARD

Preliminary injunctions are "extraordinary" provisional remedies issued before the final disposition of a case. *Brown v. Chote*, 411 U.S. 452, 456 (1973). They generally serve to maintain the status quo and prevent irreparable loss of rights before judgment. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Plaintiffs have a steep climb to show a preliminary injunction is warranted. Specifically, Plaintiffs seeking preliminary injunctions must show that they are likely to succeed on the merits, they are likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in their favor, and an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (applying the *Winter* four-element test). When the government is the opposing party, the final two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Because a preliminary injunction is an extraordinary remedy, issued before the parties engage in motions practice or complete discovery, a district court should only issue one "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 7.

Plaintiffs' climb becomes steeper when they seek to enjoin government activity. As the Supreme Court has stated, "[w]hen a plaintiff seeks to enjoin the activity of a government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

agency, even within a unitary court system, his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378–79 (1976) (internal quotation marks omitted). Plaintiffs face an even steeper climb when Plaintiffs request a federal court to enjoin local government activity. *Id.* ("[F]ederal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" (citations omitted)).

## 5. ANALYSIS

**5.1 Likelihood of Success on the Merits of Plaintiffs' Eighth Amendment Claim**

The Eighth Amendment to the U.S. Constitution prohibits "cruel and unusual punishments." It limits the criminal process in three ways: (1) "it limits the kinds of punishment that can be imposed on those convicted of crimes," (2) "it proscribes punishment grossly disproportionate to the severity of the crime," and (3) "it imposes substantive limits on what can be made criminal and punished as such." *Ingraham v. Wright*, 430 U.S. 651, 667 (1977). The third limitation — that is the basis of Plaintiffs' challenge to the City's enforcement efforts — is "to be applied sparingly." *Id.*

Plaintiffs argue that Defendants violated the Eighth Amendment by criminalizing "the status of being disabled and homeless in Laguna Beach." (Prelim. Inj. Motion at 11.) In Reply, Plaintiffs qualify that argument by asserting that Defendants acted unconstitutionally by criminalizing "the status of being disabled and homeless in Laguna Beach when adequate alternative shelter is lacking." (Prelim. Inj. Reply at 11.) Even with that qualification, the Court is not convinced at this stage that the law or facts show that Plaintiffs are likely to succeed on their Eighth Amendment claim.

Legally, Plaintiffs cite no authority that persuades the Court to find at this stage that criminalizing the acts of sleeping or camping in public places unconstitutionally criminalizes the status of being homeless and disabled in violation of the Eighth Amendment. Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

cite *Robinson v. California*, 370 U.S. 660 (1962), for the proposition that it is cruel and unusual to criminalize a person's status. (Prelim. Inj. Motion at 11.) In *Robinson*, the Supreme Court held that a statute criminalizing the status of being a narcotic addict was cruel and unusual. *Robinson*, 370 U.S. at 667. Plaintiffs rely on *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006) *vacated*, 505 F.3d 1006 (9th Cir. 2007), to argue that the City's enforcement of the anti-camping provisions unconstitutionally criminalizes the status of being homeless and disabled under *Robinson*.

In *Jones*, the Ninth Circuit held that the City of Los Angeles violated the Eighth Amendment by criminalizing "the unavoidable act of sitting, lying, or sleeping at night while being involuntarily homeless." *Id.* at 1132. The *Jones* majority analyzed the Supreme Court's decision in *Robinson* and the concurring and dissenting opinions in *Powell v. Texas*, 392 U.S. 514 (1968), to "stand for the proposition that the Eighth Amendment prohibits the state from punishing an involuntary act or condition if it is the unavoidable consequence of one's status or being." *Id.* at 1135. From this proposition, the *Jones* majority found that Los Angeles' anti-camping ordinance violated the Eighth Amendment by criminalizing homeless persons who "are in a chronic state [of homelessness] that may have been acquired innocently or involuntarily." *Id.* at 1136 (internal quotation marks omitted).

For at least two reasons, Plaintiffs' reliance on *Jones* fails to persuade the Court at this stage that the reasoning or facts of *Robinson* extends to Plaintiffs' claim. First, the Ninth Circuit later vacated its decision in *Jones*. It therefore is not binding authority. *See Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("A decision may be reversed on other grounds, but a decision that has been vacated has no precedential authority whatsoever." (citing *O'Connor v. Donaldson*, 422 U.S. 563, 578 n.2 (1975) ("Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect, leaving this Court's opinion and judgment as the sole law of the case."))).

Second, the reasoning of *Jones* is not persuasive enough to show that Plaintiffs are likely to succeed on their claim. Indeed, Judge Rymer dissented in *Jones* and criticized the majority for relying on "dissenting opinions and dicta in the concurring opinion in *Powell*." 444 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

1139 (Rymer, J., dissenting). Judge Rymer wrote that "[n]either the Supreme Court nor any other circuit court of appeals has ever held that conduct derivative of a status may not be criminalized." *Id.* Other courts in this Circuit have also questioned the persuasiveness of *Jones* in similar factual settings. *See Lehr v. City of Sacramento*, 624 F. Supp. 2d 1218, 1231 (E.D. Cal. 2009) (criticizing the analysis in *Jones* as "tenuous at best," rejecting the logic of the majority, and accepting the dissent as "more persuasive and well-reasoned"). Thus, the Court is not convinced that Plaintiffs are likely to succeed on their Eighth Amendment claim based on their legal theory that criminalizing an involuntary act of sleeping or camping in a public place is "inseparable from Plaintiffs' status or condition of being homeless." (Prelim. Inj. Motion at 15.)

Factually, the Court is also not persuaded that Plaintiffs are likely to succeed on their claim. Even if the Court was persuaded by the reasoning in *Jones*, the Court isn't convinced that *Jones* shows that Plaintiffs are likely to succeed. In *Jones*, there was "substantial and undisputed evidence that the number of homeless persons in Los Angeles far exceeds the number of available shelter beds at all times." *Jones*, 444 F.3d at 1132. Other circuit courts have also held that "*Powell* at the least contemplates a heavy burden of proof" for someone to escape liability because she was compelled to act in a way that violated the law. *Watson v. United States*, 439 F.2d 442, 451 (D.C. Cir. 1970) (en banc), *overruled on other grounds by Marshall v. United States*, 414 U.S. 417 (1974).

Plaintiffs argue that "Plaintiffs have no choice but to sleep in public because they cannot access or tolerate the ASL." (Prelim. Inj. Motion at 14.) But, unlike *Jones*, Plaintiffs here have not presented "substantial and undisputed evidence" to support that argument. For instance, Plaintiffs assert that "Laguna Beach's homelessness population far exceeds 44 people," but don't provide persuasive evidence in support. (Prelim. Inj. Reply at 5.) Defendants suggest that the number is below 20. (Opp'n at 8 n.1 (citing Farris Decl. ¶ 24).) The parties' dispute may stem from their different definitions of who qualifies as a "Laguna Beach resident." (*See, e.g.*, Prelim. Inj. Reply at 5 (characterizing Defendant's estimates of the "local" homeless population as "skewed").) In light of such disputed evidence on a critical fact — whether the Plaintiffs lack a "safe, legal place to sleep" because the ASL is too small — the Court isn't persuaded that Plaintiffs are likely to succeed on their Eighth Amendment claim. *See Dymo*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

*Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("[O]n application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact."). Nor have Plaintiffs persuaded the Court that Plaintiffs lack a "safe, legal place to sleep" because some cannot tolerate the ASL's conditions or because the ASL's safety rules are overly strict.

Legally and factually, Plaintiffs have not persuaded the Court that they are likely to succeed on the merits of their Eighth Amendment claim. Plaintiffs may persuade the Court at a future point that the law and the facts justify a limitation on substantive criminal law — a limitation that the Supreme Court says is "to be applied sparingly." *Ingraham*, 430 U.S. at 667. But, at this early stage, the Court agrees with Defendants that restricting the City's enforcement of a state statute and municipal ordinances "should occur only after a rigorous review of a robust and complete evidentiary record." (Prelim. Inj. Opp'n at 10.)

### 5.2 Likelihood of Success on the Merits of Plaintiffs' ADA and Rehabilitation Act Claim

Plaintiffs have also not met their burden to show that they are likely to prevail on their ADA and Rehabilitation Act claim.

#### 5.2.1 Legal Standard

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects individuals not only from intentional discrimination or policies that have a disparate impact on disabled persons, but also from policies where public entities can make "reasonable accommodations that are necessary to level the playing field." *McGary v. City of Portland*, 386 F.3d 1259, 1267 (9th Cir. 2004).

To establish a violation of Title II of the ADA, Plaintiffs must prove that (1) they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

individuals with disabilities, (2) they are "otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities," (3) they were "either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or otherwise discriminated against by the public entity," and (4) "such exclusion, denial of benefits, or discrimination was by reason of [their] disabilit[ies]." *McGary*, 386 F.3d at 1265 (citation omitted). A violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, requires the same showings, plus a showing that the program providing the benefits or services receives federal financial assistance. *Id.*

"[T]he plaintiff bears the burden of establishing the elements of the prima facie case, including — if needed — 'the existence of a reasonable accommodation' that would enable him to participate in the program, service, or activity at issue. The public entity may then rebut this by showing that the requested accommodation would require a fundamental alteration or would produce an undue burden." *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1217 (citing 28 C.F.R. § 35.150(a)(3)) (internal citations and quotation marks omitted).

### 5.2.2 Plaintiffs' Claim

Plaintiffs identify the "benefit" denied to them by the City in violation of the ADA and Section 504 of the Rehabilitation Act as "the provision of a safe, legal place to sleep." (Prelim. Inj. Motion at 18.) They argue that the City has denied this benefit because the ASL is either "an inaccessible or inappropriate place for them to sleep." (*Id.* at 19.) Plaintiffs propose a two-pronged "reasonable accommodation" to enable them to participate in the homelessness program's benefit — for the City to provide "permanent supportive housing" and to stop enforcing the anti-camping provisions against disabled, homeless persons. (*Id.* at 21.) The Court has a few concerns with this theory.

For instance, the Court is concerned that "the provision of a safe, legal place to sleep" is not focused enough to amount to a "benefit" under the ADA. *See Alexander v. Choate*, 469 U.S. 287, 303 (1985) (finding that plaintiffs failed to identify a particular service as the "benefit" provided under Medicaid, but rather identified an amorphous general aim of providing "adequate health care"); *see also Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

(finding that appellees failed to focus on "particular services provided by appellants"). Plaintiffs' lengthy list of grievances with the City's homelessness program, however well-founded, reaffirm that Plaintiffs are not likely focusing their ADA claim on any particular service provided by the City, but instead on the amorphous aim of "the provision of a safe, legal place to sleep." The Court isn't persuaded that this identified "benefit" is specific and focused enough to be actionable under the ADA or Section 504 of the Rehabilitation Act.

Even if "the provision of a safe, legal place to sleep" was a benefit actionable under the ADA, the Court isn't convinced that Plaintiffs have identified a "reasonable accommodation" that would enable them "to participate in the program, service, or activity at issue." *Pierce*, 526 F.3d at 1217. To start, Plaintiffs identify "permanent supportive housing" as one prong of their proposed "reasonable accommodation." Defendants argue that providing permanent supportive housing would "fundamentally alter the nature of the service provided by the City and force the City to create an entirely new service." (Prelim. Inj. Opp'n at 11, 15.) The Ninth Circuit seems to support Defendants' argument. It stated that "[i]t is clear from the language of Title II and the integration regulation that public entities are not required to create new programs that provide heretofore unprovided services to assist disabled persons." *Townsend v. Quasim*, 328 F.3d 511, 518 (9th Cir. 2003). "Nor, ordinarily, must public entities make modifications that would fundamentally alter existing programs and services administered pursuant to policies that do not facially discriminate against the disabled." *Id.* (citing 28 C.F.R. § 35.130(b)(7)). Indeed, the Northern District of California found that transforming an emergency adult shelter into long-term housing for persons with disabilities was a "fundamental alteration" under the ADA. *Rose v. Rhorer*, No. 13-cv-03502-WHO, 2014 U.S. Dist. LEXIS 64550, at *12–13 (N.D. Cal. May 9, 2014) (granting summary judgment on plaintiffs' request for injunctive relief under the ADA). Defendants' argument that permanent supportive housing is not a "reasonable accommodation" is persuasive enough at this stage to cast doubt on the likelihood that Plaintiffs will succeed on their ADA claim.

Further, the Court isn't persuaded that enjoining the City from enforcing the anti-camping provisions will allow Plaintiffs to access the benefits of the City's homelessness program. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

their Motion, Plaintiffs focus their ADA claim on their grievances with the ASL. They argue that the ASL "environment does not accommodate their disabilities" because Plaintiffs "cannot tolerate the conditions by reason of their disability" or because Plaintiffs are banned from the ASL due to its "strict and overprotective rules and policies" that don't accommodate Plaintiffs' disabilities. (*See* Prelim. Inj. Reply at 14–15; *see also* Prelim. Inj. Motion at 20–21.) They also provide supporting declarations to show that directing Plaintiffs to nearby Armories after they don't receive a spot at the ASL doesn't accommodate their disabilities. (*See, e.g.*, Henwood Supp. Decl. (declaring that navigating the bus system to an armory may worsen homeless persons' mental disabilities); *see also* Holbrook Supp. Decl. ¶¶ 6, 7 (declaring that she never heard about guaranteed admission passes to the Armories or that the ASL would have too few bus passes to reach the Armories).)

It seems that the thrust of Plaintiffs' ADA claim hinges not on the City's enforcement of the anti-camping provisions, but on whether the City has made reasonable accommodations for disabled persons to access the ASL. Despite detailing all of their grievances with the ASL's conditions and policies, Plaintiffs "are not requesting that Defendants alter the ASL." (Prelim. Inj. Reply at 17.) Instead, they insist that their focus is on seeking permanent supportive housing and stopping the City from enforcing the anti-camping provisions. But Plaintiffs don't show how enjoining the City from enforcing the anti-camping provisions would make the ASL more accessible or appropriate for disabled persons. Nor do they show how such relief would help Plaintiffs access another "safe, legal place to sleep." The Court doesn't assume that Plaintiffs are suggesting that sleeping on the streets is their proposed "safe, legal" alternative, as Plaintiffs' own declarations describe the stress of living on the streets. (*See* Sestini Decl. ¶ 9 ("Sleeping outside is also very stressful . . . .").)

The disconnect between Plaintiffs' requested relief and their ADA claim provides another grounds to deny the Motion. In their Motion, Plaintiffs request that the Court preliminarily enjoin Defendants from enforcing the anti-camping provisions. They don't request a preliminary injunction to provide permanent supportive housing, as that relief would be by definition permanent and not provisional. Plaintiffs have not shown, however, how granting only one prong of their identified two-prong "reasonable accommodation" will effectively remedy their ADA claim. It is a "settled rule that in federal equity cases 'the nature of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1332 AG (DFMx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | KENNETH GLOVER ET AL. v. CITY OF LAGUNA BEACH ET AL. | | |

violation determines the scope of the remedy.'" *Rizzo*, 423 U.S. at 378. In Plaintiffs' words, plaintiffs cannot seek "a remedy that [is] aligned with the nature of the violation." (Prelim. Inj. Reply at 4 (interpreting *Rizzo*).) Similarly here, Plaintiffs' requested relief — a preliminary injunction to stop enforcing the anti-camping provisions — is not aligned with the nature of the alleged ADA violation. Plaintiffs have therefore failed to show that the preliminary injunction will effectively remedy their ADA claim. *See Va. Ry. Co. v. Sys. Fed'n No. 40*, 300 U.S. 515, 550 (1937) ("[A] court of equity may refuse to give any relief when it is apparent that which it can give will not be effective or of benefit to the plaintiff.").

Those concerns, among others, show that Plaintiffs are not likely to succeed on the merits of their ADA claim and that a preliminary injunction is not warranted at this time. Because Plaintiffs have not shown a likelihood of success on the claims, the Court need not consider whether Plaintiffs have satisfied the additional requirements for a preliminary injunction. But the Court notes that these may provide additional bases to deny the Motion.

**6. DISPOSITION**

The Court DENIES Plaintiffs' Motion for a Preliminary Injunction.

                                                                                        : 0

                                              Initials of Preparer     lmb