RUTAN & TUCKER, LLP
Philip D. Kohn (State Bar No. 90158)
  City Attorney, City of Laguna Beach
  pkohn@rutan.com
Ajit Singh Thind (State Bar No. 268018)
  Deputy City Attorney, City of Laguna Beach
  athind@rutan.com
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

O'MELVENY & MYERS LLP
Michael G. Yoder (State Bar. No, 83059)
  myoder@omm.com
Christopher S. Whittaker (State Bar No, 274699)
  cwhittaker@omm.com
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660-6429
Telephone:  949-823-6900
Facsimile:   949-823-6994

Attorneys for Defendants
CITY OF LAGUNA BEACH and
LAGUNA BEACH POLICE DEPARTMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SESTINI, RICHARD OWENS, and MICHAEL NEWMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LAGUNA BEACH and LAGUNA BEACH POLICE DEPARTMENT, a California charter city,<br><br>Defendants. | Case No.:  8:15-CV-01332 AG (DFMx)<br><br>Assigned for all purposes to:<br>Hon. Judge Andrew J. Guilford<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Action Filed:  August 20, 2015<br>Trial Date:             February 7, 2017<br>Judge:                   Hon. Andrew J. Guilford<br>Courtroom:           10D |

1    **1.    PURPOSE AND LIMITS OF THIS ORDER**

2            Discovery in this action is likely to involve confidential, proprietary,

3    sensitive, or private information requiring special protection from public disclosure

4    and from use for any purpose other than this litigation.  Thus, the Court enters this

5    Protective Order.  This Order does not confer blanket protections on all disclosures

6    or responses to discovery, and the protection it gives from public disclosure and use

7    extends only to the specific material entitled to confidential treatment under the

8    applicable legal principles.  This Order does not limit or otherwise affect any

9    objections that a party may have to the production or disclosure of information in

10   this action except as expressly stated.  This Order does not automatically authorize

11   the filing under seal of material designated under this Order.  Instead, the parties

12   must comply with L.R. 79-5.2 and this Court's Guide to Electronically Filing

13   Under-Seal Documents in Civil Cases if they seek to file anything under seal.  This

14   Order does not govern the use at trial of material designated under this Order.

15   **2.    DESIGNATING PROTECTED MATERIAL**

16          **2.1    Over-Designation Prohibited**.  Any party or non-party who

17   designates information or items for protection under this Order as

18   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

19   ONLY" (a "designator") must only designate specific material that qualifies under

20   the appropriate standards.  To the extent practicable, only those parts of documents,

21   items, or oral or written communications that require protection shall be designated.

22   Designations with a higher confidentiality level when a lower level would suffice

23   are prohibited.  Mass, indiscriminate, or routinized designations are prohibited.

24   Unjustified designations expose the designator to sanctions, including the Court's

25   striking all confidentiality designations made by that designator.  Designation under

26   this Order is allowed only if the designation is necessary to protect material that, if

27   disclosed to persons not authorized to view it, would cause competitive or other

28   recognized harm or if protection of the information is required by law.  Material

1   may not be designated if it has been made public, or if designation is otherwise

2   unnecessary to protect a secrecy or privacy interest.  If a designator learns that

3   information or items that it designated for protection do not qualify for protection at

4   all or do not qualify for the level of protection initially asserted, that designator

5   must promptly notify all parties that it is withdrawing the mistaken designation.

6      **2.2     Manner and Timing of Designations**.  Designation under this Order

7   requires the designator to affix the applicable legend ("CONFIDENTIAL" or

8   "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that

9   contains protected material.  For testimony given in deposition or other proceeding,

10  the designator shall specify all protected testimony and the level of protection being

11  asserted.  It may make that designation during the deposition or proceeding, or may

12  invoke, on the record or by written notice to all parties on or before the next

13  business day, a right to have up to 21 days from the deposition or proceeding to

14  make its designation.

15      **2.2.1**  A party or non-party that makes original documents or materials

16      available for inspection need not designate them for protection until after the

17      inspecting party has identified which material it would like copied and

18      produced.  During the inspection and before the designation, all material

19      shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES

20      ONLY.  After the inspecting party has identified the documents it wants

21      copied and produced, the producing party must designate the documents, or

22      portions thereof, that qualify for protection under this Order.

23      **2.2.2**  Parties shall give advance notice if they expect a deposition or

24      other proceeding to include designated material so that the other parties can

25      ensure that only authorized individuals are present at those proceedings when

26      such material is disclosed or used.  The use of a document as an exhibit at a

27      deposition shall not in any way affect its designation.  Transcripts containing

28      designated material shall have a legend on the title page noting the presence

of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3   Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.  Until the Court enters an order changing the designation of specified information or documents, they shall be afforded the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY " treatment described in this Order.

## 4.   ACCESS TO DESIGNATED MATERIAL

**4.1   Basic Principles**.  A receiving party may use designated material only for this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2   Disclosure of CONFIDENTIAL Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**  The receiving party (if an individual) or the officers, directors, and employees of the receiving party (if an entity) to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.3**  Experts and consultants retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4**  The Court and its personnel;

**4.2.5**  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6**  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7**  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3**   **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval**.  Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**4.3.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

1    **4.3.2**  Experts and consultants retained by the receiving party's outside

2    counsel of record to whom disclosure is reasonably necessary, and who have

3    signed the Agreement to Be Bound (Exhibit A);

4    **4.3.3**  The Court and its personnel;

5    **4.3.4**  Outside court reporters and their staff, professional jury or trial

6    consultants, and professional vendors to whom disclosure is reasonably

7    necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

8    **4.3.5**  The author or recipient of a document containing the material, or

9    a custodian or other person who otherwise possessed or knew the

10   information.

11   **5.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

12   **PRODUCED  IN OTHER LITIGATION**

13   **5.1    Subpoenas and Court Orders**.  This Order in no way excuses non-

14   compliance with a lawful subpoena or court order.  The purpose of the duties

15   described in this section is to alert the interested parties to the existence of this

16   Order and to give the designator an opportunity to protect its confidentiality

17   interests in the court where the subpoena or order issued.

18   **5.2    Notification Requirement**.  If a party is served with a subpoena or a

19   court order issued in other litigation that compels disclosure of any information or

20   items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL

21   – ATTORNEY EYES ONLY, that party must:

22   **5.2.1**  Promptly notify the designator in writing.  Such notification

23   shall include a copy of the subpoena or court order;

24   **5.2.2**  Promptly notify in writing the party who caused the subpoena or

25   order to issue in the other litigation that some or all of the material covered

26   by the subpoena or order is subject to this Order.  Such notification shall

27   include a copy of this Order; and

28

**5.2.3**  Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3     Wait For Resolution of Protective Order**.  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission.  The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**8.    FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material.  A party seeking

1   to file under seal any designated material must comply with L.R. 79-5.2 and this

2   Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases .

3   Filings may be made under seal only pursuant to a court order authorizing the

4   sealing of the specific material at issue.  The fact that a document has been

5   designated under this Order is insufficient to justify filing under seal.  Instead,

6   parties must explain the basis for confidentiality of each document sought to be

7   filed under seal.  Because a party other than the designator will often be seeking to

8   file designated material, cooperation between the parties in preparing, and in

9   reducing the number and extent of, requests for under seal filing is essential.  *See*

10   L.R. 79-5.2.2(b).  If a ***receiving party's*** request to file designated material under

11   seal pursuant to L.R. 79-5.2is denied by the Court, then the receiving party ***may file***

12   ***the material in the public record*** unless (1) ***the designator*** seeks reconsideration

13   within four days of the denial, or (2) as otherwise instructed by the Court.

14   **9.    FINAL DISPOSITION**

15         Within 60 days after the final disposition of this action, each party shall

16   return all designated material to the designator or destroy such material, including

17   all copies, abstracts, compilations, summaries, and any other format reproducing or

18   capturing any designated material.  The receiving party must submit a written

19   certification to the designator by the 60- day deadline that (1) identifies (by

20   category, where appropriate) all the designated material that was returned or

21   destroyed, and (2) affirms that the receiving party has not retained any copies,

22   abstracts, compilations, summaries, or any other format reproducing or capturing

23   any of the designated material.  This provision shall not prevent counsel from

24   retaining an archival copy of all pleadings, motion papers, trial, deposition, and

25   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

26   expert reports, attorney work product, and consultant and expert work product, even

27

28

1    if such materials contain designated material.  Any such archival copies remain

2    subject to this Order.

3

4        IT IS SO ORDERED.

5

6    DATED:  September 2, 2016

7

                     Douglas F. McCormick
8                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2465/053733-0651
9995125.3 a08/30/16

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Central District of California on

_____ [date] in the case of *Glover, et al. v. City of Laguna Beach, et al.,* Case

No.: 8:15-CV-01332 AG (DFMx).  I agree to comply with and to be bound by all

the terms of this Protective Order, and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment for contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Protective Order to any person or entity except in strict compliance

with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing this Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

[printed name]

Signature: _____